**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAYNE RYAN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>J.B. HUNT TRANSPORT SERVICES, INC., et al.,<br><br>　　　　　　Defendants. | Civil Action No. 13-6625 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

　　　This matter comes before the Court upon Plaintiff Wayne Ryan's ("Plaintiff") objection to the Report and Recommendation ("R&R") of the Honorable Tonianne J. Bongiovanni, U.S.M.J., to dismiss Plaintiff's Amended Complaint with prejudice. (ECF Nos. 41, 42.) This matter was originally filed in the United States District Court for the District of Maryland, on behalf of Plaintiff, by Schniqua Roberts, Esq. ("Roberts") against Defendants J.B. Hunt Transport Services, Inc., John Doe Driver, and J.B Hunt Transport Inc. (collectively, "J.B. Hunt").[1] (ECF No. 1.) This matter was transferred to this Court after J.B. Hunt's motion to change venue was granted. (ECF No. 23.)

　　　Judge Bongiovanni's R&R concludes that the Amended Complaint should be dismissed with prejudice for failure to comply with an order of the Court and for failure to prosecute the action. Roberts is not admitted to practice before this Court; however, the Court has permitted her to appear on behalf of Plaintiff in conjunction with various preliminary conferences while attempting to retain counsel. On July 7, 2014, Roberts requested that she have until July 28,

---

[1] J.B. Hunt Transport Services, Inc. was omitted in Plaintiff's Amended Complaint. (ECF No. 9.)

2014, to secure local counsel, which the Court granted. (ECF No. 38.) On September 18, 2014, after Roberts failed to comply with her requested deadline of July 28, the Court ordered Roberts to either enter an appearance or advise if Plaintiff was going to proceed pro se by September 26, 2014 (the "Order"). (ECF. No. 40.) The Order advised that failure to comply may result in dismissal with prejudice. On October 9, 2014, Roberts advised the Court that Plaintiff was to going proceed pro se.

Judge Bongiovanni's R&R is guided by the balancing factors set forth in *Poulis v. State Farm Casualty & Co.*, 747 F.2d 863, 868 (3d Cir. 1984), and the Court concurs, in substantial part, with the findings and analysis therein. Specifically, J.B. Hunt was prejudiced by Plaintiff's failure to comply with the Order and his refusal to participate in the advancement of this matter. (R&R at 4.) Plaintiff has developed a history of dilatoriness through his failure to obtain local counsel notwithstanding the allowance of time extensions. (*Id.*) Plaintiff and Roberts' conduct demonstrate a willful pattern of non-compliance with court mandates. (*Id.* at 5.)

The Court, however, departs with the R&R on one aspect of its analysis. Dismissal with prejudice is a severe sanction, and the Court believes dismissal without prejudice, as an alternative sanction is more appropriate.[2]

Accordingly, for the reasons set forth above,

---

[2] Roberts asserts that the Court did not provide a reasonable amount of time to comply with the Order because, according to the postmark on the envelope in which the Order was mailed, it was mailed seven days after its issuance. (ECF No. 42.) Plaintiff, however, was fully aware and on notice of the July 28, 2014 deadline to obtain local counsel, which she selected. Roberts should have anticipated the potential consequences of her failure to comply with a court order.

IT IS on this 15th day of June 2015, **ORDERED** that:

1. The Court ADOPTS AS MODIFIED the R&R; and

2. Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**